

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/26/2025

**Kenneth W. Jenkins**
**County Executive**

**Office of the County Attorney**

**John M. Nonna**
**County Attorney**

November 26, 2025

Honorable Nelson S. Román
United States District Judge
United States District Court
United States Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

Re:    *Taeko Thompson et al.. v. Kathy Hochul, et al.*
       25-06322 (NSR)
       Pre-Motion Letter

Dear Judge Román,

    I represent defendants Westchester County (the "County"), Officer Malik L. Burts, Officer Javier DeJesus, Sergeant Daniel S. Dumser, Sergeant Mathieu E. Ricozzi, Lieutenant Paul J. Cusano, Officer Michael P. Maffei, Officer Robert L. Camaj, Officer Brandon A. Day, Officer Paul S. DeSousa, Officer John J. Severi, Officer Nicholas Lopano, Officer Marilena T. Sophia, Officer Eliot Wilder, Officer Ryan G. Watts, Sergeant Trevor M. Dennin, Officer Thomas C. Olsen, Officer Tufan S. Dilschmann, Officer Tyler J. Smith, Lieutenant Brian M. Hess, Captain James B. Greer, and Officer Oisin McGloin (collectively, "County Defendants") in the above referenced action. County Defendants respectfully submit this letter in accordance with Rule 3(A)(ii) of Your Honor's Individual Rules to request a conference and/or permission to file a motion to dismiss the First Amended Complaint filed by plaintiffs Sabrina Taeko Thompson, Lillian Paone, Raven Karlick, Aryana Alexis Anderson, and Shaka McGlotten (collectively, "Plaintiffs"), on October 20, 2025 (the "Complaint"). *See*, Dkt. No. 13.

    County Defendants seek dismissal based on the Complaint's overbreadth and its pleading deficiencies. It asserts a sweeping array of federal and state tort claims, ranging from constitutional violations to common-law torts, yet fails to plead the essential elements of any of them. It makes no effort to identify which, if any, County officials were personally involved in any alleged constitutional deprivation, instead relying on impermissibly broad group pleading that obscures the conduct attributed to each of the more than twenty individual County Defendants. The Complaint likewise treats all municipalities as interchangeable, alleging no facts suggesting that any specific municipal policy, practice, or custom caused any alleged injury, as required under *Monell*. It compounds these defects by asserting every cause of action as though brought by every named plaintiff, despite clear differences in their factual circumstances – particularly as to claims such as conversion and Civil Rights Law § 79-p (right to record). Finally, the Complaint fails to distinguish which claims are intended to be asserted against which defendants, leaving both the municipalities and individual

*See* Pg. 2

MEMO ENDORSED

officers without meaningful notice of the claims they must defend. For example, the Complaint attempts to sustain assault and battery claims against twenty-one (21) County Defendants without alleging that a single one of them satisfied any element of these claims. These deficiencies and those outlined below require dismissal of all claims against the County Defendants.

First, the Complaint names over twenty (20) individual county defendants, yet fails to make a single factual allegation as to even one of them. There is simply no indication anywhere in the Complaint that any individual defendant was at all involved in any of the alleged constitutional or state law violations. Thus, Plaintiffs cannot maintain a single cause of action against these individual defendants. *See Farid v Ellen*, 593 F3d 233, 249 [2d Cir 2010] ["It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983."].

Second, the Complaint fails to make any plausible allegation that any of the alleged constitutional violations were caused by municipal policy, real, de facto, or otherwise, as is required to sustain municipal liability. *See generally Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). The Complaint simply lists the various avenues through which municipal policy can be found (actual policy, action taking by final policy-makers, deliberate indifference, custom and practice, failure to train, etc.) without making a non-conclusory allegation as to any of them. *See* Complaint at 292-296.

Third, many of the state and federal tort claims raised in the Complaint require the pleading of specific factual elements which are wholly absent here. *See Creese v City of NY*, 815 F App'x 586, 590 [2d Cir 2020] (fabrication of evidence required to sustain right to fair trial claim); *Kinzer v Jackson*, 316 F3d 139, 143 [2d Cir 2003] (actual malice required to sustain malicious prosecution claim); *Zamora v Fit Intl. Group Corp.*, 834 F App'x 622, 629 [2d Cir 2020] (property interest required to sustain conversion claim); *Johmanni Anduze v City of NY*, 2022 US Dist LEXIS 140929, at *70 [SDNY Aug. 8, 2022, No. 21-CV-519 (PGG) (KHP)] (act taken outside the scope of employment required to sustain negligent hiring and supervision claim); *Russo v City of Bridgeport*, 479 F3d 196, 205 [2d Cir 2007] (suppression of exculpatory evidence required to sustain excessive detention claim); Civil Rights Law § 79-p (3) (private right of action only implicated where plaintiff demonstrates that he/she exercised right to record). Additionally, many of the claims raised under the New York State Constitution either do not provide a private cause of action or only do so under certain circumstances absent here. *See generally Brown v State*, 89 NY2d 172 [1996].

Fourth, out of the five named plaintiffs, the Complaint only alleges that Paone complied with General Municipal Law 50-h, which requires claimants to attend oral examination as a prerequisite to brining suit based on state law claims. Thus, all state law claims brought against the County and its employees in their official capacity by Plaintiffs Thompson, Karlick, Anderson, and McGlotten must be dismissed. *See Bird v County of Westchester*, 2022 US Dist LEXIS 111672, at *35 [SDNY June 23, 2022, No. 20-CV-10076 (NSR)]. Should Your Honor's staff have any questions, I can be reached at (914) 995-5103. Thank you for your consideration.

Respectfully,
JOHN M. NONNA
Westchester County Attorney

By: *Robert Taglia*

Robert Taglia
Assistant County Attorney
(914) 995-5103
rbta@westchestercountyny.gov

---

The Court is in receipt of Defendants' letter, dated November 26, 2025, requesting a conference for their anticipated motion to dismiss. (ECF No. 26.) The Court directs Plaintiffs to respond to Defendants' letter by December 3, 2025. The Clerk of Court is kindly directed to terminate the motion at ECF No. 26.

Dated: November 26, 2025
　　　 White Plains, NY

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge