

179 WESTBURY AVENUE, CARLE PLACE, NEW YORK 11514   PHONE (516) 334-4500

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/03/2025
```

BRIAN S. SOKOLOFF
BSOKOLOFF@SOKOLOFFSTERN.COM

December 2, 2025

Hon. Nelson S. Román
United States District Court
300 Quarropas Street
White Plains, NY 10601

*BY EMAIL*

        Re:    *Thompson, et al. v. Hochul, et al.*
                  Docket No. 25-cv-6322(NSR)

Dear Judge Román:

      I represent Defendants Village of Port Chester and Village of Port Chester Police Officer Gary McCord, Jr. I write under Rule 3(A)(ii) of Your Honor's Individual Rules to seek a pre-motion conference preparatory to a Fed. R. Civ. Pro. 12(b)(6) pre-answer motion to dismiss Plaintiffs' First Amended Complaint.

      The First Amended Complaint is insufficient against our clients. The complaint contains improper "group pleading," in which Plaintiff lumps the Village of Port Chester and Officer McCord in with all Defendants in such a way that they lack fair notice of the factual accusations against them. As this Court recently wrote recently:

> While Federal Rule of Civil Procedure 8 'does not demand that a complaint be a model of clarity or exhaustively present the facts alleged, it requires, at minimum, that a complaint give each defendant 'fair notice of what the plaintiff's claim is and the ground upon which it rests.'' *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (quoting *Ferro v. Ry. Express Agency, Inc.*, 296 F.2d 847, 851 (2d Cir.1961)). Where a plaintiff "lump[s] all the defendants together in each claim and provid[es] no factual basis to distinguish their conduct ... [t]he complaint fail[s] to satisfy this minimum standard" and dismissal of each claim, if not the entire complaint, is appropriate. *Id.*

*Zielinski v. Martuscello*, 2025 WL 1160357 (S.D.N.Y. 2025)( Román, J.)

*See* **Pg. 2**

MEMO ENDORSED

LONG ISLAND   ▪   HUDSON VALLEY

SOKOLOFF STERN LLP

Hon. Nelson S. Román
December 2, 2025
Page 2 of 2

      Plaintiffs 42 U.S.C. § 1983 claims are deficient. They fail to provide facts showing a deprivation of constitutional rights by the Port Chester and McCord. Plaintiffs' 42 U.S.C. § 1983 claim also fails to satisfy the standards of municipal liability under *Monell v. Dep't of Soc. Services*, 436 U.S. 658 (1978). They do not adduce facts showing a policy, practice, custom, or procedure of the Village of Port Chester caused a violation of any of their constitutional rights.

      Plaintiffs' fact-less state law claims are deficient, as well. Only Plaintiff Lillian Paone sat for a 50-h exam. All others received notices and refused to appear.

      In addition, as this Court said in *Yagel v. Town of Haverstraw*, 2024 WL 5090174 (S.D.N.Y. 2024)( Román, J.), "District courts in this Circuit have consistently held that "there is no private right of action under the New York State Constitution where, as here, remedies are available under § 1983." (citing cases).

      Finally, as the pre-motion letter by Robert Taglia for the Westchester County Defendants argues in his pre-motion letter, which we incorporate by reference, there are other defects in Plaintiffs' pleading of various claims: fair trial claim cannot stand absent a showing of fabricated evidence, *Creese v. City of New York*, 815 Fed. Appx. 586, 591 (2d Cir. 2020); malicious prosecution claim requires a showing of actual malice, *DeLourdes Torres v. Jones*, 26 N.Y.3d 742 (2016); conversion requires (1) plaintiff's possessory right or interest in the property and (2) defendant's dominion over the property or interference with it, in derogation of plaintiff's rights, *Colavito v. New York Organ Donor Network, Inc.*, 8 N.Y. 3d 43 (2006); negligent hiring and retention claims require conduct outside the scope of the employee's job, *Gonzalez v. City of New York*, 133 A.D.3d 65 (1st Dep't 2015); and unreasonably prolonging detention claim requires conduct that shocks the conscience, *Russo v. City of Bridgeport*, 479 F.3d 196, 205 (2d Cir. 2007).

      Thank you for your consideration of this request.

Very truly yours,

SOKOLOFF STERN LLP

Brian S. Sokoloff

**The Court is in receipt of Defendants Village of Port Chester and Village of Port Chester Police Officer Gary McCord, Jr.'s letter, dated December 2, 2025, seeking leave to file a motion to dismiss the First Amended Complaint. (ECF No. 31.) The Court directs Plaintiffs to respond to Defendants' letter by or on December 10, 2025. The Clerk of Court is kindly directed to terminate the motion at ECF No. 31.**

**Dated: December 3, 2025**
    **White Plains, NY**

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

BSS/--
cc:    All parties

*by ECF*