

One Battery Park Plaza, 35th Floor
New York, NY 10004
P: 212-313-3600
F: 212-608-8901

New York, NY | White Plains, NY | Rochester, NY | Roseland, NJ | Philadelphia, PA       WWW.MCTIERNANLAW.COM

Writer's Direct: (212) 313-3611
Writer's Email: cchadwell@bmmfirm.com

December 4, 2025

**By ECF**:
Hon. Nelson S. Román
United States District Court
300 Quarropas Street
White Plains, New York 10601

        Re: Thompson, et al. v. Hochul, et al.
        Docket No. 25-cv-6322 (NSR)

Dear Judge Román:

    The undersigned represents Defendant Village of Rye Brook ("Rye Brook") in the above referenced action. I write pursuant to Your Honor's Individual Rules to seek a pre-motion conference to discuss Rye Brook's desire to file a Fed. R. Civ. Pro. 12(b)(6) pre-answer motion to dismiss the Plaintiff's First Amended Complaint ("FAC").

    At the outset, Rye Brook joins in the pre-motion conference letters filed by the Westchester County Defendants (ECF No. 26) and the Village of Portchester Defendants (ECF No. 31). The arguments raised in those letters as to the municipal Defendants apply with equal force to Rye Brook and, in an effort to avoid unnecessary repetition, Rye Brook incorporates by reference each of those arguments.

    The FAC is plainly deficient and fails to provide any factual allegations against Rye Brook whatsoever, aside from asserting that Rye Brook as a municipal entity maintains a police department. Rye Brook is instead vaguely lumped in with all other municipal Defendants for each cause of action, which is insufficient to place Rye Brook on meaningful notice of the claims against it. Notably, unlike several of the other municipal Defendants, the FAC does not name any Rye Brook police officer as an individual defendant.

    With respect to the § 1983 claims, the FAC does not adequately allege that Rye Brook deprived any Plaintiff of their constitutional rights, or that such a deprivation occurred as a result

of a custom, practice, or policy of Rye Brook. See Monell v. Dep't of Soc. Services, 436 U.S. 658 (1978).

Plaintiffs' state claims fare no better given the wholesale lack of any factual allegations that could serve as a basis for liability specifically against Rye Brook with respect to any of the state causes of action. In addition, not all of the named Plaintiffs filed a notice of claim to preserve their rights, further warranting dismissal of the state claims against Rye Brook.

Should you have any questions or concerns, please do not hesitate to contact the undersigned. Thank you for your consideration of this application.

                                          Respectfully Submitted,

                                          Barry McTiernan & Moore LLC

                                          *Courtney Chadwell*
                                          Courtney Chadwell

cc:      All Counsel of Record (via ECF)